# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**CIVIL ACTION NO. 4:09CV-00071-JHM**

WESLEY A. LINDSEY and
REGINA LINDSEY, his wife                                                        PLAINTIFFS

VS.

CARGOTEC USA, INC., et al.                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Defendant, Moffett Engineering, Ltd. ("Moffett"), to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) [DN 16]. Fully briefed, this motion is ripe for decision. For the reasons set forth below, Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is **denied without prejudice** to allow for limited discovery on the issue of personal jurisdiction.

## I. BACKGROUND

On August 21, 2008, Plaintiff Wesley Lindsey ("Lindsey") was employed and working as a chicken catcher for Perdue Farms at its manufacturing plaint in Cromwell, Kentucky. (Pl. Comp., Count III, ¶ 3). On this date, Lindsey was assigned to assist in the catching of chickens for processing. (Id. ¶ 4). At that same time, a co-worker was operating a Moffett forklift in the same general area and was assisting Lindsey and other workers in the moving of chicken crates. (Id. ¶ 5). At some point during the work day, the co-worker operating the forklift ran over Lindsey's left leg, foot, and ankle. (Id. ¶ 7). Plaintiffs claim that this injury was a result of the defective design and manufacture of the forklift that caused the co-worker's visual field to be blocked. (Id. ¶ 6). Plaintiffs filed suit against Cargotec USA, Inc. ("Cargotec"), Hiab, Inc. ("Hiab"), and Moffett for

strict liability, negligence, and failure to warn. Lindsey's wife, Regina Lindsey, asserts a claim for loss of consortium.

Moffett filed a motion to dismiss for lack of personal jurisdiction arguing that it is not subject to the jurisdiction of this Court because it has not purposefully availed itself of the privilege of doing business in the Commonwealth of Kentucky. Moffett is a foreign corporation with its principal place of business located in Dundalk, Ireland (Id. Count I, ¶ 6). Moffett asserts that their only contact in the United States is with a single customer, Hiab, which is located in Ohio. Moffett claims that it and Hiab are separate corporate entities, and that Moffett has no control or knowledge as to where in the United States that Hiab is selling Moffett's products. In response, Plaintiffs maintain that they have not yet had the opportunity to examine the relationship between Defendants, Moffett, Hiab, and Cargotec, nor have they had the opportunity to determine the contractual rights and agreements each Defendant has with the other. Plaintiffs request a period of limited discovery on personal jurisdiction.

## II. DISCUSSION

When faced with a personal jurisdiction issue, a federal district court has three procedural alternatives: (1) "[it] may determine the motion on the basis of affidavits alone;" (2) "it may permit discovery in aid of the motion;" or (3) "it may conduct an evidentiary hearing on the merits of the motion." Dean v. Motel 6 Operating L.P., 134 F.3d 1269, 1272 (6th Cir. 1998) (quoting Serras v. First Tennessee Bank Nat'l Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989)). The Court's "decision whether to grant discovery or an evidentiary hearing before ruling on a 12(b)(2) motion is discretionary." Burnshire Development, LLC v. Cliffs Reduced Iron Corp., 198 Fed. Appx. 425, 434 (6th Cir. 2006) (citing Intera Corp. v. Henderson, 428 F.3d 605, 614 n. 7 (6th Cir. 2005)).

"Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003)(citation omitted). See also Drexel Chemical Co. V. SGS Depauw & Stokoe, 1995 WL 376722, *2 (6th Cir. June 22, 1995)(When "the written submissions raise[] disputed issues of fact with regard to cross-corporate entanglements . . . the district court should [allow] further discovery or [hold] an evidentiary hearing."); Technology & Services, Inc. v. TACS Automation, LLC, 2010 WL 2640047, *3 (S.D. Ohio June 29, 2010); Mofield v. FNX Mining Co., USA, Inc., 2009 WL 819493, *3 (M.D. Tenn. March 26, 2009).

The Court finds that limited discovery related to whether the Court has personal jurisdiction over Moffett is warranted in the present case. Plaintiffs have set forth evidence that would suggest a close relationship between Moffett, Hiab, and Cargotec. The current record reflects that Hiab is the sole distributor of Moffett forklifts in the United States; that Moffett and Hiab share a common parent company, Cargotec; and that as late as 2005, Moffett's Sales Agreement with Hiab permitted Moffett to exercise control over Hiab's appointment of dealers and agents. See Harris v. J.B. Hunt Transport, Inc., 2007 WL 2254739, *8 (W.D. Tex. Aug. 3, 2007). Additional facts regarding the relationship between Moffett, Hiab, and Cargotec and the contacts by Moffett with the forum state are needed to determine whether the purposeful availment requirement is satisfied. Because additional facts bearing on the question of jurisdiction is necessary, the Court permits Plaintiffs to engage in limited discovery on the sole issue of personal jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the motion by Defendant, Moffett Engineering, Ltd., to dismiss

for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) [DN 16] is **DENIED WITHOUT PREJUDICE**. Defendant may refile its motion after the Plaintiffs have had an opportunity to conduct limited discovery. **No later than November 22, 2010**, the parties shall complete discovery on the issue of personal jurisdiction. Following discovery, Defendant may file a renewed motion to dismiss **on or before December 13, 2010**. Response and reply times are governed by local rule.

cc: counsel of record