UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:09CV-00071-JHM

WESLEY A. LINDSEY and
REGINA LINDSEY, his wife                                    PLAINTIFFS

and

PERDUE FARMS INCORPORATED
a/k/a PERDUE FARMS, INC.                          INTERVENING PLAINTIFF

VS.

CARGOTEC USA, INC., et al.                                   DEFENDANTS/
                                                     THIRD-PARTY PLAINTIFFS

VS.

PERDUE FARMS INCORPORATED
a/k/a PERDUE FARMS, INC.
and JAMES SHULTZ, JR.                          THIRD-PARTY DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Third-Party Defendants, Perdue Farms Incorporated a/k/a Perdue Farms, Inc. (hereinafter "Perdue Farms") and James Shultz, Jr. (hereinafter "Shultz"), for summary judgment on the Third-Party Complaint [DN 119]. Fully briefed, this motion is ripe for decision.

I. BACKGROUND

On August 21, 2008, Plaintiff Wesley Lindsey ("Lindsey") was employed and working as a chicken catcher for Perdue Farms at its manufacturing plaint in Cromwell, Kentucky. (Pl. Comp., Count III, ¶ 3). On this date, Lindsey was assigned to assist in the catching of chickens for processing. (Id. ¶ 4). At that same time, a co-worker was operating a forklift in the same general

area and was assisting Lindsey and other workers in the moving of chicken crates.  (Id. ¶ 5).  At some point during the work day, the co-worker operating the forklift ran over Lindsey's left leg, foot, and ankle.  (Id. ¶ 7).  Perdue Farms paid Plaintiff's medical expenses associated with the treatment of his work-related injury.  Plaintiff also filed a claim for workers' compensation benefits with the Kentucky Department of Workers' Claims.  On December 15, 2010, Plaintiff was awarded permanent partial disability benefits at the rate of $170.96 per week for 425 weeks, plus future reasonable and necessary medical expenses.  Plaintiff testified that Perdue Farms paid the disability benefits and that he eventually settled his award of income benefits for a lump sum payment of $63,195.00.

Plaintiff subsequently filed a civil complaint against the companies that made and distributed the forklift alleging that his injury was a result of the defective design and manufacture of the forklift that caused the co-worker's visual field to be blocked.  (Id. ¶ 6).  Perdue Farms filed an intervening complaint against the Defendant for all workers' compensation benefits and obligations paid or payable by Perdue Farms to or on behalf of Plaintiff.  (Intervening Complaint at 2; DN 110.) Cargotec USA, Inc.( hereinafter "Cargotec"), the forklift distributor, filed a third-party complaint against Perdue Farms and the driver of the forklift, James Shultz.  Cargotec asserts claims of indemnification and apportionment against the Third-Party Defendants arguing that Shultz breached a duty to Lindsey by negligently failing to operate the forklift in a reasonably safe manner.  (Third-Party Complaint at 4.)  Perdue Farms and Shultz now move for summary judgment against Cargotec arguing that they are protected from civil liability by the exclusive remedy of the Kentucky Workers' Compensation Act and that damages can be apportioned without Perdue Farms or Shultz as third-party defendants.

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The rule requires the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

## III. DISCUSSION

Perdue Farms and Shultz move for summary judgment on the third-party complaint arguing that Cargotec's indemnity claim fails because the amount of the claim is limited to the amount of workers' compensation benefits which have already been paid by Perdue Farms. Cargotec disagrees asserting that the Kentucky Workers' Compensation Act does not limit a claim for indemnity against

Perdue Farms and Shultz in the present case.

**A. Limitation of Employer's Liability**

"A claim for indemnity is 'one in which the claimant seeks restitution for damages it was required to pay for injuries sustained by another and which were entirely or primarily caused by the party against whom indemnity is sought.'" Faulkner v. ABB, Inc., 2009 WL 3462505, *2 (W.D. Ky. Oct. 22, 2009)(quoting Franke v. Ford Motor Company, 398 F. Supp. 2d 833, 840 (W.D. Ky. 2005)(citing Degener v. Hall Contracting Corp., 27 S.W.3d 775 (Ky. 2000))). Indemnity "applies where 'both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury.'" Id. (quoting Asher v. Unarco Material Handling, Inc., 2007 WL 3046064, *2 (E.D. Ky. Oct.16, 2007)). Despite adoption of comparative fault and exclusive remedy provisions of the Workers' Compensation Act, Kentucky law permits common law indemnity claims against employers. Id.; Franke, 398 F. Supp 2d at 840. However, in Labor Ready, Inc. v. Johnston, 289 S.W.3d 200 (Ky. 2009), the Kentucky Supreme Court held that KRS § 342.690(1) "limits an employer's liability to indemnify a third-party tortfeasor to the amount of workers' compensation benefits that the employer must pay . . . unless the parties have contracted otherwise." Id. at 208; see also Faulkner, 2009 WL 3462505, *2 (citing Union Carbide Corp. v. Sweco, Inc., 610 S.W.2d 932, 934 (Ky. Ct. App. 1980)(holding "an examination of KRS 342.690 reveals that the legislature did not seek to abolish indemnity actions but sought to limit the amount of recovery over against the employer. The statute states that an employer's liability to a third party indemnitee is limited to the amount paid under the Workers' Compensation Act.")); Capps v. Herman Schwabe, Inc., 628 F. Supp. 1353, 1359 (W.D. Ky. 1986)("[W]hile the employer may be held liable to a third-party for

4

contribution or indemnification, this liability is limited to the amount of the workers' compensation benefits payable."); <u>Pruitt v. Genie Industries, Inc.</u>, 2013 WL 485966, *10 n.9 (E.D. Ky. Feb. 6, 2013).

In the present case, while there is a claim for indemnity, that claim is limited by the Workers' Compensation Act to the amount of workers' compensation benefits which have already been paid by Perdue Farms. The Court rejects Cargotec's interpretation of KRS § 342.690(1)[1] and of the effect of the statute upon common law indemnity claims against employers. The Kentucky Supreme Court decision in <u>Labor Ready, Inc. v. Johnston</u>, 289 S.W.3d 200 (Ky. 2009), addressed facts similar to the present case. In <u>Labor Ready</u>, after the employee and employer settled the employee's claims pursuant to Kentucky's Workers' Compensation Act, the employee sued a third-party for her same injuries alleging that her injuries resulted from the third-party's negligence. <u>Id.</u> at 202. The third-party contended, as Cargotec does here, that it would be entitled to indemnity against the employer for damages in addition to the workers' compensation benefits already paid. <u>Id.</u> at 207. The Kentucky Supreme Court disagreed and held that the third-party had no indemnity claim against the employer for additional damages because the employer's liability was solely limited to the amount the employer had already paid in workers' compensation benefits pursuant to KRS § 342.690(1). <u>Id.</u> at 208. Similarly, despite Cargotec's argument to the contrary, Cargotec has no indemnity claim

_____

[1]KRS 342.690(1) states, in pertinent part, that:
The liability of an employer to another person who may be liable for or who has paid damages on account of injury or death of an employee of such employer arising out of and in the course of employment and caused by a breach of any duty or obligation owed by such employer to such other shall be limited to the amount of compensation and other benefits for which such employer is liable under this chapter on account of such injury or death, unless such other and the employer by written contract have agreed to share liability in a different manner.

against Perdue Farms or Shultz for additional damages because Perdue Farms and Shultz's liability is limited to what Perdue Farms has already paid to the Plaintiffs. The cases relied upon by Cargotec in support of its argument were decided over two years before the Kentucky Supreme Court's decision in Labor Ready.

Furthermore, with respect to Cargotec's argument that the limitation of its indemnity claim against Perdue Farms and Shultz would violate the Kentucky Constitution, the Court finds that courts have consistently held that the limitations placed upon indemnity by the application of KRS § 342.690 do not violate Section 54 of the Kentucky Constitution. See Capps, 628 F. Supp. at 1357-1358; Fireman's Fund Ins. Co. v. Government Employees Insurance Co., 635 S.W.2d 475 (Ky. 1982).

### B.  Dismissal of Indemnity Claim

While the Kentucky Workers' Compensation Act limits an employer's liability to indemnify a third-party tortfeasor to the amount of workers' compensation benefits that the employer must pay, this limitation alone does not mandate dismissal of the indemnity claim. Kentucky law permits a common law indemnity claim against an employer notwithstanding the state's adoption of comparative fault and the exclusive remedy provisions of the Workers' Compensation Act. Contrary to the Third-Party Defendants' argument, Cargotec's claim is not legally futile. Franke v. Ford Motor Co., 398 F. Supp.2d 833, 840 (W.D. Ky. 2005). Accordingly, the Court will not dismiss Cargotec's indemnification claim against Perdue Farms and Shultz.

While the district court in Franke v. Ford Motor Company recognized that a product manufacturer's indemnity claim against an employer is not legally futile, the district court, after reviewing the facts of the case, held that there was no reasonable basis for an indemnity claim under

the facts of the case.  The district court held in part:

> A claim for indemnity is "one in which the claimant seeks restitution for damages it was required to pay for injuries sustained by another and which were entirely or primarily caused by the party against whom indemnity is sought." Degener, 27 S.W.3d at 781-82 (citation omitted). An example would be a situation in which a party was liable under principles of respondeat superior.  That is simply not the case here.

Franke, 398 F. Supp.2d at 840.  See also Burton v. H.O. Sports Co., Inc., 2009 WL 1390832 (W.D. Ky. May 14, 2009); ISP Chemicals LLC v. Dutchland, Inc., 771 F. Supp. 2d 747, 751 (W.D. Ky. 2011); York v. Petzl America, Inc., 353 S.W.3d 349, 355 (Ky. Ct. App. 2010).   The parties have not addressed whether the facts of this case provide a reasonable basis for an indemnity claim. Accordingly, the Court expresses no opinion on the issue.

## IV.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Third-Party Defendants, Perdue Farms Incorporated a/k/a Perdue Farms, Inc. and James Shultz, Jr., for summary judgment on the Third-Party Complaint [DN 119] is **DENIED**.

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

March 8, 2013

7